IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANIEL GALLANT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 23-cv-5-SMY |
| ) | |
| WARDEN D. SPROUL, ) | |
| ) | |
| Respondent. ) | |

# ORDER

**YANDLE, District Judge:**

Petitioner Daniel Gallant filed the instant action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his conviction and sentence based on *Mathis v. United States*, 579 U.S. 500 (2016) and *United States v. De La Torre*, 940 F.3d 938 (7th Cir. 2019) (Doc. 1).

In 2005, Gallant pled guilty to one count of possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a) ("Count 3") and one count of carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c) ("Count 4"). *United States v. Gallant*, No. 1:04-cr-149-TWP-TAB-1 (S.D. Ind.). He was subject to a higher mandatory minimum sentence under § 841(b) and was sentenced to a 20-year statutory mandatory minimum sentence for Count 3 and a consecutive 5-year sentence for Count 4. *Id*. He did not appeal his conviction or sentence. Gallant filed a habeas petition pursuant to 28 U.S.C. § 2255, which was denied on the merits in March 2022. *Gallant v. United States*, No. 1:20-cv-609-TWP-TAB, 2022 WL 602784, at *1 (S.D. Ind. Mar. 1, 2022).

Pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts, upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court,

the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) authorizes district courts to apply the Rules to other habeas corpus cases. After reviewing the Petition, the undersigned concludes that this case is subject to dismissal.

Gallant asserts that his prior convictions are overbroad and moves to vacate his sentence. Petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be employed to raise claims of legal error in conviction or sentencing; they may only challenge the execution of a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Consequently, aside from the direct appeal process, a prisoner who has been convicted in federal court is limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. *See Jones v. Hendrix,* 143 S.Ct. 1857, 1868-69 (2023) (*abrogating In re Davenport*, 147 F.3d 605 (7th Cir. 1998). In other words, Gallant may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *Jones,* 143 S.Ct. at 1868.

Accordingly, Gallant's Petition for habeas relief under 28 U.S.C. § 2241 (Doc. 1) is **DENIED** and this case is **DISMISSED with prejudice**. The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

    **IT IS SO ORDERED.**

    **DATED:  July 16, 2025**

    **STACI M. YANDLE**
    **United States District Judge**